**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DAWN DENSON, ON BEHALF** | ) | |
| **OF HERSELF AND ALL OTHERS** | ) | |
| **SIMILARLY SITUATED** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No.:** |
| | ) | |
| **PROFESSIONAL RESOURCES** | ) | |
| **MANAGEMENT PSYCHIATRIC** | ) | |
| **SERVICES, LLC d/b/a** | ) | |
| **BULLOCK COUNTY HOSPITAL** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CLASS ACTION COMPLAINT

**COMES NOW** Plaintiff Dawn Denson ("Plaintiff") on behalf of herself and all others similarly situated, who files this Class Action Complaint against Professional Resources Management Psychiatric Services, LLC, d/b/a Bullock County Hospital. As grounds for this Complaint, Plaintiff states as follows:

## JURISDICTION AND VENUE

1.    This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* ("WARN Act"). Defendant is liable under the WARN Act for failure to provide Plaintiff and others similarly situated at least

sixty (60) days' advance notice of their employment losses, as required by the WARN Act.

2.      Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2102 and § 2104 (a)(5).

3.      The unlawful employment practices described herein were committed in Bullock County, Alabama; as such, venue lies in the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff Dawn Denson is a citizen of the United States of America over the age of nineteen (19) years, and currently resides in Bullock County, Alabama.

5.      Plaintiff and all others similarly situated are former employees of Defendant Professional Resources Management Psychiatric Services, LLC, d/b/a Bullock County Hospital, Inc.

6.      Defendant Professional Resources Management Psychiatric Services, LLC is a corporate entity that owns Bullock County Hospital with a registered office address of 2 North Jackson Street, Suite 605, Montgomery, AL 36104. Prior to the cessation of its business activities, Defendant employed more than 100 individuals at the facility where Plaintiff Denson and Similarly Situated Plaintiffs worked.

## **FACTS**

7.      In or around November of 2021, Plaintiff was hired by Defendant as a

Director of Social Work and Case Management at the Bullock County Hospital

Psychiatric Unit, ("Psych Unit") in Bullock County, Alabama.

8.      All others similarly situated were also employed by Defendant at the

Psych Unit.

9.      On or about April 9, 2024, Plaintiff and all others similarly situated

were notified of their termination via a letter ("Letter") from Amanda Trawick,

("Trawick"), Defendant's Chief Executive Officer ("CEO"). The letter to Plaintiff

stated, in part:

> As you may know, Bullock County Hospital ("BCH") has
> initiated the process established by the Alabama Department of Public
> Health ("ADPH") to become a licensed "Rural Emergency Hospital"
> in accordance with Chapter 420-5-23 of the Alabama Administrative
> Code and additional rules implemented by the Centers for Medicare
> and Medicaid Services. In order to do so while maintaining the
> continuity of BCH's current operations, the Alabama Department of
> Public Health required BCH to request a waiver so that it could
> continue offering its existing inpatient psychiatric care services at
> BCH. BCH discussed this matter with ADPH, and yesterday, April 8,
> 2024, was informed that we would not receive a satisfactory waiver.
>
> Due to this unforeseeable circumstance BCH has had to make
> the difficult decision to cease those and related services. Therefore,
> pursuant to the Worker Adjustment and Retraining Notification Act, I
> regret to inform you we are terminated your employment as early as
> April 21, 2024 and no later than May 4, 2024 which is permanent and
> for which we do not have an available transfer or bumping opportunity.

3

10.    On information and belief, on April 9, 2024, Defendant terminated ninety-five (95) employees, the entirety of its Psych Unit workforce.

11.    This mass termination qualifies as a plant closing and/or mass layoff under the WARN Act.

12.    Although Defendant referenced the WARN Act in the Letter, Plaintiff and all others similarly situated did not receive the sixty (60) day notice required by the WARN Act.

13.    Further, no exemptions to the sixty (60) day notice provision under the WARN Act, 29 U.S.C. § 2103(1)-(2) were applicable to the plant closing and/or mass layoff.

## CLASS ACTION ALLEGATIONS

14.    Plaintiff brings this case as a class action under Federal Rule of Civil Procedure 23(a), (b)(1), and (b)(3) and the WARN Act, 29 U.S.C. § 2104(a)(5).

15.    Class Definition: Plaintiff brings this case on behalf of herself and all others similarly situated. Plaintiff seeks to represent a class defined as: "All of Defendant's employees who were terminated on or about April 9, 2024, or within thirty (30) days of that date, and who were not given sixty (60) days' advance written notice as required by the WARN Act."

16.    Plaintiff and class members are "affected employees" subject to an "employment loss," as defined in the WARN Act, 29, U.S.C. § 2101(a)(5) and (6).

4

17.    Plaintiff's claims satisfy the numerosity, adequacy, commonality, typicality, predominance, and superiority requirements of a class action.

18.    <u>Numerosity and Class Size</u>: Upon information and belief, the class contains ninety-five (95) members, and, therefore, joinder is impracticable.

19.    <u>Adequacy</u>: Plaintiff is an affected employee who suffered an employment loss by Defendant on or about April 9, 2024, without the notice required by the WARN Act. Therefore, she is a member of the class. Plaintiff has no conflicts of interest with other class members, and she has retained counsel with experience in prosecuting employment, class action, and WARN Act litigation. Accordingly, Plaintiff is an adequate representative of the class and has the same interests as all its members. Plaintiff will fairly and adequately protect the interests of the absent members of the class.

20.    <u>Common Questions of Law and Fact</u>: There are questions of fact and law that are common to the class and predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions include, but are not limited to, the following:

      a.  Whether the provisions of the WARN Act apply;

      b.  Whether Defendant's employee layoffs on or about April 9, 2024, and within thirty (30) days of that date, constitute a "plant closing" and/or "mass layoff" under the WARN Act;

c.  Whether Defendant failed to provide the notices required by the WARN Act;

d.  Whether Defendant can avail themselves of any of the provisions of the WARN Act permitting lesser notice periods;

e.  The appropriate method to measure damages under the WARN Act; and

f.  The appropriate definitions and methods to measure payments to potentially offset damages under the WARN Act.

21.    Typicality: Plaintiff's claim is typical of the claims of all members of the class. Plaintiff was informed of her termination on the same date as other members of the class. Plaintiff, like members of the class, was not provided sufficient notice as required by the WARN Act.

22.    Nature of the Proposed Notice: Plaintiff proposes that, should the Court certify the class, notice be sent to class members via first class mail and email. Defendant is in possession of the names and contact information of class members.

23.    Rule 23(b) Requirements: The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with considerations of economy, consistency, efficiency, fairness and equity, to other available methods for adjudication of these claims.

24.     Further, class action treatment of these claims is authorized under the WARN Act, 29 U.S.C. § 2104(a)(5), which provides that a plaintiff seeking to enforce liability under the WARN Act may sue for herself, for other persons similarly situated, or both.

## COUNT I - Violation of the WARN Act

25.     At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided under the WARN Act, 29 U.S.C. § 2101, *et seq.*

26.     Defendant was subject to the notice and back pay requirements of the WARN Act because Defendant was a business that employed 100 or more employees, excluding part-time employees, and/or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act, 29, U.S.C. §§ 2101(1)(A)&(B).

27.     Plaintiff and all others similarly situated were employed by Defendant at the Psych Unit.

28.     Defendant willfully violated the WARN Act by failing to provide the required sixty (60) days' notice to Plaintiff and all others similarly situated.

29.     Defendant failed to pay Plaintiff and all others similarly situated their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued

vacation, and other benefits for sixty (60) working days following their respective

terminations.

30.    None of the WARN Act exemptions under 29 U.S.C. §§ 2103(1)-(2)

apply to Defendant.

31.    Defendant has not acted in good faith nor with reasonable grounds to

believe their acts and omissions were not a violation of the WARN Act.

32.    Accordingly, Defendant was required to pay Plaintiff and all others

similarly situated the notice and back pay required by the WARN Act, 29 U.S.C. §§

2102, 2104.

33.    Plaintiff and all others similarly situated have been damaged by

Defendant's conduct and are entitled to damages for their back pay and associated

benefits for each day of the violation.

**WHEREFORE**, Plaintiff and all others similarly situated request the Court

grant the following:

A.    An order certifying that the action may be maintained as a class action

under Federal Rule of Civil Procedure 23:

B.    Designation of the firm of Michel Allen & Sinor as the representative

of the class, and counsel of record as Class Counsel;

C.    Compensatory damages in an amount equal to or greater than the

amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

D.      Reasonable attorneys' fees, costs, and disbursements as allowed by the

WARN Act, 20 U.S.C. § 2104(1)(6); and

E.      Any and all other relief the Court deems just and appropriate.

Respectfully submitted on this the 16th day of December 2024.

Respectfully submitted,

s/ *Mitchell G. Allen*

Mitchell G. Allen (ASB-6947-A54M)
Anthony D. Michel (ASB-6809-O64M)
William J. Sinor (ASB-6809-O64M)
*Attorneys for Plaintiff*

**Michel Allen & Sinor**
1900 International Park Drive
Suite 140
Birmingham, Alabama 35243
Telephone: (205) 980-5700
Facsimile:  (205) 994-2819
Mitch@mas-firm.com
Anthony@mas-firm.com
William@mas-firm.com

**DEFENDANT WILL BE SERVED VIA PROCESS SERVER AT THE FOLLOWING ADDRESS:**

Professional Resources Management Psychiatric Services, LLC
c/o r/a CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

s/ *Mitchell G. Allen*
Attorney for Plaintiff

9